UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL C. CLINE,<br><br>        Plaintiff,<br><br>  v.<br><br>CITY OF SEATTLE, et al.,<br><br>        Defendants. | No. C06-1369P<br><br>ORDER ON PLAINTIFF'S MOTION<br>FOR APPOINTMENT OF COUNSEL |

This matter comes before the Court on Plaintiff's motion for appointment of counsel. (Dkt. No. 5). Plaintiff is bringing a civil lawsuit under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Having reviewed Plaintiff's motion, his complaint, and the remaining record, the Court DENIES Plaintiff's motion for the reasons stated below.

There is no right to have counsel appointed in civil rights cases under 42 U.S.C. § 1983. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Under 28 U.S.C. § 1915(e)(1), a district court "may request an attorney to represent any person unable to afford counsel." However, appointment of counsel is discretionary and is appropriate only in "exceptional circumstances." Rand, 113 F.3d at 1525.

In this case, Plaintiff has been denied leave to proceed in forma pauperis. His application to proceed in forma pauperis indicated that he owns a house assessed at $257,000 and has a retirement

ORDER - 1

trust valued at $33,000.  As a result, it does not appear that Plaintiff is so indigent that he cannot afford counsel.

Even if Plaintiff were unable to afford counsel, Plaintiff has not demonstrated that exceptional circumstances warrant the appointment of counsel at this time.  "To decide whether these exceptional circumstances exist, a district court must evaluate both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'"  Id.  Here, Plaintiff has made a variety of allegations, but beyond his initial complaint, there is not yet any evidence which suggests that Plaintiff's case is likely to succeed on the merits.  Indeed, given that the defendants named in Plaintiff's complaint include a judge, prosecutors, and a Seattle City Council member, Plaintiff will likely need to overcome the defenses of judicial, prosecutorial, and legislative immunity in order to prevail on his claims against those individuals.  Plaintiff also has not shown that he is unable to adequately articulate his claims in light of the complexity of the legal issues.  Plaintiff's complaint describes facts, articulates arguments, and cites statutory authority in a coherent manner.

Therefore, the Court declines to appoint counsel for Plaintiff at this time.  The clerk is directed to send copies of this order to Plaintiff.

Dated:   November 14, 2006

                                               s/Marsha J. Pechman
                                               Marsha J. Pechman
                                               United States District Judge

ORDER - 2