UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL C. CLINE,

Plaintiff,

v.

CITY OF SEATTLE, et al.,

Defendants.

No. C06-1369MJP

ORDER GRANTING CITY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF DISMISSAL

This matter comes before the Court on a motion for summary judgment (Dkt. No. 41) filed by the nine remaining defendants in this case: (1) the City of Seattle; (2) Seattle City Councilman Nick Licata; (3) Seattle Police Chief R. Gil Kerlikowske; (4) Seattle City Attorney Thomas Carr; (5) Seattle Assistant City Attorney Kevin Kilpatrick; (6) Seattle Municipal Court Judge Pro Tem David Zuckerman; (7) Seattle Police Sergeant Maryann Parker; (8) Seattle Police Officer David Ku; and (9) Seattle Police Parking Enforcement Officer Carol Hendrickson (collectively, the "City Defendants"). Having reviewed the materials submitted by the parties on this motion and the balance of the record, the Court GRANTS the City Defendants' motion for summary judgment. The reasons for the Court's order are stated below.

**Background**

This case stems from Plaintiff's arrest on March 19, 2004. Both sides agree that on that day, Plaintiff approached Parking Enforcement Officer Carol Hendrickson as she was in the process of issuing a parking citation for his car. After that, their version of events diverge sharply.

In support of their motion, Defendants offered declarations from Officers Hendrickson and Ku in which they recount their versions of events. Officer Hendrickson states in her declaration that after Plaintiff approached her, he asked her to "push the delete" button. She says that after she refused, she started to hand the citation to Plaintiff. She maintains that Plaintiff then raised his arm and struck her vehicle (described as a "Cushman scooter") very hard, with his arm passing within inches of her face. Ms. Hendrickson states that she was frightened and radioed for help. Police Officer David Ku was nearby and states in his declaration that he saw Plaintiff strike Officer Hendrickson's vehicle and heard her radio for help, although he was not close enough to hear what Plaintiff said to Officer Hendrickson. Officer Ku arrested Plaintiff and took him to the police station. Plaintiff was booked into King County jail on charges of harassment and attempted property damage.

Plaintiff's version of events is quite different. In his brief in response to Defendants' motion, Plaintiff offered what he labels as an affidavit, where he describes his version of events as follows:

> Mr. Cline: "Is it too late to stop the ticket?"
>
> Mrs. Hendrickson: "Yes it's too late."
>
> Mr. Cline: "Darn! O.K., well give me the ticket."
>
> Then I stood there watching her push buttons and waiting for her to complete the ticket, and I didn't say a word.
>
> I, Michael C. Cline do hereby certify, attest and state solemnly that "Mrs. Hendrickson never attempted to hand me the parking ticket," and "I never demanded, ordered, asked, said, inquired, begged, pleaded, nor even knew about the existence of a "delete button" on her machine."
>
> I, Michael C. Cline do solemnly attest affirm and state that a Seattle Police Officer, Mr. David Ku personally told me, informed me, virtually in his exact words, word for word, that:

> "She has been assaulted before and I am going to teach people to just stand there and take it!!"
>
> I solemnly attest, affirm and state I asked Officer Ku several times in different ways, "Please, Officer Ku, be reasonable", "Officer Ku, please, be reasonable."

(Dkt. No. 44.) In his response brief, Plaintiff states somewhat cryptically that he "made a common, everyday, and ordinary expressive gesture" after saying "Darn." (Response at 4.) He says this gesture "can be described as: plaintiff 'raised his right arm, and hand in a fist . . .'" Id. He asserts that Officer Hendrickson ran away from him and called for help for no apparent reason. Plaintiff makes additional allegations that Officer Hendrickson was suffering from post-traumatic stress disorder and that Officer Ku was assigned to protect her on March 19th, but offers no competent evidence to support such allegations.

Following his arrest, Plaintiff was held in jail overnight and was released the next day. It appears that no complaint was filed against him at that point.

The week after his arrest, Plaintiff spoke to Seattle Police Sergeant Maryann Parker in Internal Investigations to request a copy of the police report for his arrest. Plaintiff asserts that he told Sergeant Parker that "there would have to be false information in the report to justify the arrest, but I have not seen the reports so I can not say what the false information is." (Response at 8.) Plaintiff suggests that he did not want to make a complaint against Officer Ku, but merely "wanted to see what false statements had been made." Id. Sergeant Parker has submitted a declaration stating that she wrote up a preliminary investigation report after talking to Plaintiff, which was referred up the chain of command to her supervising Lieutenant. She states that no "full-blown" investigation was undertaken.

In May 2004, Plaintiff received notice that he had been charged with harassment based on the events of March 19th. Plaintiff suggests that this charge was filed against him in retaliation for the perception that he had made a complaint against Officer Ku. Plaintiff was represented by Northwest Defenders Association (NDA) in the criminal case. Plaintiff states that he "made numerous court appearances in an effort to put the matter to rest" and that he eventually "signed an 'Agreement to

Continue the case for dismissal' on Sept. 21, 2004 to prevent Officer Ku and Mrs. Hendrickson from perjuring themselves in an official court." (Response at 9.)

Under the "Agreement to Continue Case for Dismissal," the parties agreed to continue the case for one year. (Dkt. No. 34, Ex. C.) The City agreed that it would move to dismiss the charges against Plaintiff after one year if Plaintiff committed no criminal law violations and performed 10 hours of community service. If Plaintiff failed to satisfy those conditions, both sides agreed the case would be presented to the judge on the record, with Plaintiff forfeiting his right to a jury trial, to call and question witnesses, and to testify. After Plaintiff completed these conditions, the case was dismissed on December 24, 2005.

Plaintiff filed a 27-page lawsuit in this Court in September 2006. His complaint named 11 defendants. He voluntarily dismissed his claims against defendant Eileen Farley, the director of NDA. The Court also granted a summary judgment motion filed by Defendant Ray Ward, an NDA investigator, after Plaintiff indicated that he did not oppose dismissal of his claims against Mr. Ward. Nine Defendants remain in this case: (1) the City of Seattle; (2) Officer Ku; (3) Officer Hendrickson; (4) Seattle City Councilman Nick Licata; (5) Seattle Police Chief Gil Kerlikowske, (6) Seattle City Attorney Thomas Carr; (7) Assistant City Attorney Kevin Kilpatrick; (8) Seattle Municipal Court Judge Pro Tem David Zuckerman; and (9) Sergeant Parker.

Plaintiff brings claims under 42 U.S.C. § 1983, alleging violations of his constitutional rights. He also alleges claims under 42 U.S.C. § 14141 and various federal criminal statutes. Plaintiffs complaint could also be construed as maintaining various state-law claims, including claims for false arrest, false imprisonment, and malicious prosecution.

The nine remaining City Defendants have moved for summary judgment. In accordance with Local Civil Rule 7(d)(3), they properly noted their motion on the Court's motion calendar for Friday, June 15, 2007. Plaintiff filed a response brief, along with an unnotarized affidavit and a number of

unauthenticated exhibits. In their reply brief filed on June 15th, the City Defendants moved to strike Plaintiff's exhibits, although they did not move to strike Plaintiff's unnotarized affidavit.[1]

On June 20, 2007, Plaintiff called the Court to report that he did not receive the City Defendants' reply brief until several days after it was filed. The Court issued a minute order indicating that Plaintiff would have until June 27th to file a surreply in response to the City Defendants' motion to strike. The minute order specifically stated that the surreply "shall be limited to three pages and shall be limited to responding to Defendants' motion to strike." (Dkt. No. 46.)

Plaintiff's response to the City Defendants' motion to strike exceeded the three-page limit imposed by the Court. His response also was not limited to responding to the City Defendants' motion to strike, but instead sought to offer additional facts and arguments that he had not previously made in his response to the City Defendants' opening motion. He also filed additional exhibits and a declaration. The City Defendants then filed a surreply in which they moved to strike Plaintiff's response to their motion to strike, as well as his supporting declaration and exhibits.

**Analysis**

1. City Defendants' Motions to Strike

The City Defendants have made two requests to strike documents submitted by Plaintiff. First, in accordance with Local Civil Rule 7(g), they moved in their reply brief to strike exhibits that Plaintiff submitted in his response to the City Defendants' opening brief. (Reply at 1.) The City Defendants argued that the attachments to Plaintiff's response were inadmissible and they sought to "strike from the record the inadmissible attachments from Plaintiff's response, which would include every attachment except Mr. Cline's Affidavit." Id.

Mr. Cline's unnotarized affidavit does not authenticate any of the documents Plaintiff submitted in his response to the City Defendants' motion for summary judgment. Under Ninth Circuit

---

[1] Defendants also noted that Plaintiff had failed to sign his response brief. The Court directed Plaintiff to file a signed copy of his response brief, and Plaintiff complied with that direction.

law, all unauthenticated exhibits submitted by Plaintiff must be stricken. See, e.g., Canada v. Blain's Helicopters, Inc., 831 F.2d 920, 925 (9th Cir. 1987) ("unauthenticated documents cannot be considered on a motion for summary judgment."). Therefore, the Court grants the City Defendants' motion to strike these unauthenticated exhibits.

The City Defendants have also moved to strike the documents that Plaintiff filed in his response to Defendants' motion to strike. As noted above, the Court issued a minute order authorizing Plaintiff to file a surreply to the City Defendants' motion to strike. The minute order provided that "Plaintiff's surreply shall be limited to three pages and shall be limited to responding to Defendants' motion to strike." (Dkt. No. 46) (emphasis in original). Plaintiff did not comply with these requirements. Instead, Plaintiff filed: (1) a five-page brief, rather than a brief limited to three pages; and (2) a declaration and additional exhibits. Plaintiff's five-page brief did not respond to the City Defendants' motion to strike, but instead offered new arguments regarding the merits of his claims. In addition, his declaration did not indicate that it was signed under penalty of perjury, as required by 28 U.S.C. § 1746. Finally, the exhibits he filed were not properly authenticated. For all of these reasons, the Court will grant the City Defendants' request to strike the materials that Plaintiff filed in his response to the City Defendants' motion to strike.

2. Plaintiff's Request for Continuance

In his response to the City Defendants' motion for summary judgment, Plaintiff appears to request a continuance of the summary judgment motion pursuant to Fed. R. Civ. P. 56(f). He notes that he has made discovery requests and asks that "the case be allow[ed] to proceed to allow time for defendants to respond." (Response at 4.)

Under Rule 56(f), a court may order a continuance where a party opposing a motion for summary judgment makes "(a) timely application which (b) specifically identifies, (c) relevant information, (d) where there is a basis for believing that the information sought actually exists." Visa Int'l Serv. Ass'n v. Bankcard Holders of America, 784 F.2d 1472, 1475 (9th Cir. 1986). "The burden

is on the party seeking additional discovery to proffer sufficient facts to show that the evidence exists, and that it would preclude summary judgment." Chance v. Pac-Tel Teletrac, Inc., 242 F.3d 1151, 1161 n.6 (9th Cir. 2001). "The mere hope that further evidence may develop prior to trial is an insufficient basis for a continuance under Rule 56(f)." Cont'l Mar. of San Francisco, Inc. v. Pac. Coast Metal Trade Dist. Council, 817 F.2d 1391, 1395 (9th Cir. 1987).

Although Plaintiff indicates that he has outstanding discovery requests to the City Defendants, he does not indicate what specific information he is seeking in the discovery requests or how the discovery sought would preclude summary judgment against him. Therefore, the Court denies Plaintiff's Rule 56(f) request for a continuance of the summary judgment motion.

3. Statute of Limitations Bars Certain State-Law Claims

Plaintiff's complaint could be construed as raising state-law claims for false arrest and false imprisonment. The City Defendants correctly note that those state-law claims would be barred because Plaintiff did not file his complaint before the expiration of the two-year statute of limitations for such claims. See RCW 4.16.100(1); Hechart v. City of Yakima, 42 Wn. App. 38, 39 (1985). The Court also agrees with the City Defendants that to the extent Plaintiff's complaint can be construed as asserting state-law negligence claims, such claims would appear to be false arrest claims couched in negligence terms and would be subject to the two-year statute of limitations for a false arrest claim. See Boyles v. City of Kennewick, 62 Wn. App. 174, 177 (1991).

4. Certain Federal Claims Asserted by Plaintiff Do Not Provide a Private Right of Action

Plaintiff's complaint suggests that he is bringing claims under 42 U.S.C. § 14141 and various federal criminal statutes. (Complaint ¶ 11.) As the City Defendants note, none of these statutes provide a private right of action by individuals. As a result, Plaintiff's claims under Section 14141 and federal criminal statutes must be dismissed.

5. Claims Against Councilman Nick Licata

Plaintiff's complaint names Seattle City Councilman Nick Licata as a defendant. Plaintiff alleges that Councilman Licata is chair of the committee that oversees the Seattle Police Department and "failed in his responsibility to properly fund the [Northwest Defenders] Association, which insured a defective and negligent defense for Plaintiff in this case." (Complaint ¶ 16.)

The City Defendants argue that Plaintiffs' claims against Mr. Licata are barred by the legislative immunity doctrine. "Absolute legislative immunity attaches to all actions taken 'in the sphere of legitimate legislative activity.'" Bogan v. Scott-Harris, 523 U.S. 44, 54 (1998). Because Plaintiff's claims against Mr. Licata are clearly based on legislative actions, the City Defendants are correct that any claims against Mr. Licata must be dismissed.

6. Claims Against City Prosecutors

Plaintiff has brought claims against: (1) Seattle City Attorney Thomas Carr; and (2) Assistant City Attorney Kevin Kilpatrick. Plaintiff alleges that Mr. Carr failed to "properly set, implement and supervise policy and subordinates to insure adherence to honest and ethical principles of conduct for those subordinate to him." (Complaint ¶ 18.) Plaintiff alleges that Mr. Kilpatrick is "responsible for signing the papers that [led] to charges being re-filed against Plaintiff as an act of retaliation against Plaintiff." (Complaint ¶ 19.)

The City Defendants argue that Plaintiff's claims against Mr. Carr and Mr. Kilpatrick are barred by the doctrine of prosecutorial immunity. Under this doctrine, "[a] prosecutor is entitled to absolute immunity from a civil action for damages when he or she performs a function that is 'intimately associated with the judicial phase of the criminal process.'" KRL v. Moore, 384 F.3d 1105, 1110 (9th Cir. 2004). These functions include "initiating a prosecution and presenting the State's case." Id. Plaintiff offers no evidence indicating that Mr. Carr or Mr. Kilpatrick took actions outside their protected functions. Therefore, Plaintiff's claims against Mr. Carr and Mr. Kilpatrick will be dismissed.

7. Claims Against Municipal Court Judge Zuckerman

Plaintiff has also brought claims against Seattle Municipal Court Judge Pro Tem David Zuckerman, who presided over Plaintiff's intake hearing. Plaintiff complains about various alleged actions and inactions by Judge Zuckerman at this hearing. (Complaint ¶ 20.)

The City Defendants have moved to dismiss claims against Judge Zuckerman based on the doctrine of judicial immunity. This doctrine bars claims based on actions taken by a judge in his judicial capacity, unless such actions are taken in a complete absence of all jurisdiction. See Harvey v. Waldron, 210 F.3d 1008, 1012 (9th Cir. 2000). Here, all of Plaintiff's complaints about Judge Zuckerman's conduct focus on actions taken in his judicial capacity and there is no question regarding his jurisdiction. Therefore, these claims must be dismissed.

8. Claims Against Sergeant Parker

Plaintiff also brings claims against Sergeant Maryann Parker, who spoke to Plaintiff a week after his arrest. Plaintiff appears to complain that Sergeant Parker: (1) did not send him a copy of his arrest report; and (2) allegedly filled out a complaint form and attributed the complaint to Plaintiff without his consent. (Complaint ¶ 21.)

The City Defendants argue that Plaintiff's complaint fails to state a colorable constitutional claim or state-law violation against Sergeant Parker. The Court agrees. Because there is no apparent basis for Plaintiff to claim that Sergeant Parker's alleged actions violated his rights under the United States Constitution or state law, his claims against her must be dismissed. Even assuming a constitutional claim could somehow be construed, Sergeant Parker would be entitled to qualified immunity because Plaintiff points to no clearly established law prohibiting Sergeant Parker's actions.

9. Claims Against Police Chief Gil Kerlikowske and City of Seattle

Plaintiff also names Seattle Police Chief Gil Kerlikowske as a defendant, alleging that he was "responsible for setting and enforcing policies and procedures within the Seattle Police Department"

and "failed to properly set, implement and supervise policy and subordinates." (Complaint ¶ 17.) Plaintiff also names the City of Seattle as a defendant.

Plaintiff does not allege personal involvement by Chief Kerlikowske in the alleged deprivation of his rights. To the extent Plaintiff seeks to maintain Section 1983 claims against Chief Kerlikowske for negligent supervision of his subordinates, such a claim must fail because Plaintiff has not raised a triable issue on claims that his constitutional rights were violated by any of the Police Chief's subordinates. See, e.g., Webber v. Mefford, 43 F.3d 1340, 1344-45 (10th Cir. 1994) ("A claim of inadequate training, supervision, and policies under § 1983 cannot be made out against a supervisory authority absent a finding of a constitutional violation by the person supervised"). To the extent Plaintiff seeks to bring a claim based on policies approved or adopted by Chief Kerlikowske, such a claim must also fail. Plaintiff does not offer competent evidence of a policy that led to a constitutional violation. As discussed below, Plaintiff also has not raised a triable issue on whether his constitutional rights were violated by any police officers.

Plaintiff's claims against the City of Seattle would also fail for the same reasons, given the lack of support for Plaintiff's constitutional claims against any of the city employees who allegedly violated his constitutional rights. In addition, Plaintiff has not provided competent evidence to suggest that the alleged violations of his constitutional rights resulted from a city policy or custom, as required by Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 694 (1978).

10. Claims Against Officers Ku and Hendrickson

Finally, Plaintiff brings claims against Police Officer Ku and Parking Enforcement Officer Hendrickson. In essence, Plaintiff claims that Officers Ku and Hendrickson fabricated their version of events that allegedly occurred on March 19, 2004, which caused Plaintiff to be falsely arrested and imprisoned without probable cause. Plaintiff's complaint could also be construed as raising malicious prosecution claims, as well as excessive force claims against Officer Ku.

A. False Arrest, False Imprisonment, and Malicious Prosecution Claims

As discussed earlier, a state-law claims for false arrest and imprisonment would be barred by a two-year statute of limitations. However, false arrest and imprisonment claims may also be brought under 42 U.S.C. § 1983 ("Section 1983"), which has a three-year statute of limitations in Washington. RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1058 (9th Cir. 2002).

To prevail on a Section 1983 claim for false arrest or imprisonment, a plaintiff must "demonstrate that there was no probable cause to arrest him." Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998). Similarly, a plaintiff seeking to maintain a malicious prosecution action under state or federal law must show a lack of probable cause. See Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006); Clark v. Baines, 150 Wn.2d 905, 911 (9th Cir. 2004).

The City Defendants argue that Plaintiff cannot show a lack of probable cause for his arrest. They note that the declarations from Officers Ku and Hendrickson both assert that Plaintiff struck Officer Hendrickson's vehicle and argue that such an action would be sufficient to create probable cause for Plaintiff's arrest. In his first brief in response to the City Defendants' motion, Plaintiff did not specifically deny striking Officer Hendrickson's vehicle. The City Defendants argue that because Plaintiff did not dispute this point in his response to their motion, there is no genuine issue of material fact on whether there was probable cause for the arrest.

In his response to the City Defendants' motion to strike, Plaintiff offered a document labeled as a declaration in which he asserts that he did not strike Officer Hendrickson's vehicle. However, as discussed above, this declaration must be stricken because: (1) it was not properly submitted in response to Defendants' motion to strike; and (2) the declaration does not indicate that it was signed under penalty of perjury, as required by 28 U.S.C. § 1746. As a result, Plaintiff did not offer timely or admissible evidence to show a lack of probable cause for his arrest, and summary judgment may be granted in favor of Officers Ku and Hendrickson on false arrest, false imprisonment, and malicious prosecution claims under Section 1983.

Even if Plaintiff had offered a timely and admissible declaration asserting that he did not strike Officer Hendrickson's vehicle, Plaintiff still would be unable to establish a lack of probable cause for his arrest under the circumstances presented here. It is undisputed that Plaintiff entered into an agreement to have his case dismissed on the condition that he perform 10 hours of community service and that he not commit any offenses for a year. If Plaintiff failed to perform those conditions, he agreed to submit the criminal case on the record and forfeited his right to a jury trial, to testify on his own behalf, and to cross-examine witnesses. This agreement effectively left Plaintiff unable to challenge the evidence in the police report supporting probable cause.

Courts have held that a civil rights plaintiff cannot demonstrate a lack of probable cause in similar circumstances to those presented here. For example, the Second Circuit held in Roesch v. Otarola, 980 F.2d 850, 853 (2d Cir. 1992) that "[a] person who thinks there is not even probable cause to believe he committed the crime with which he is charged must pursue the criminal case to an acquittal or an unqualified dismissal, or else waive his Section 1983 claim." Roesch v. Otarola, 980 F.2d 850, 853 (2d Cir. 1992); see also Swanson v. Fields, 814 F. Supp. 1007 (D. Kan. 1993) (similar). In Roesch, the plaintiff had attempted to bring false arrest, false imprisonment, and malicious prosecution claims after he entered a pre-trial diversionary program that resulted in the dismissal of charges after he completed certain conditions. Similarly, Mr. Cline was not acquitted on the harassment charge, nor did he receive an unqualified dismissal of his case. Instead, the case was only dismissed on certain conditions, including 10 hours of community service by Plaintiff and his agreement to have his case tried on the record if he failed to comply with the conditions for dismissal. Under these circumstances, the Court finds that Plaintiff cannot demonstrate a lack of probable cause for his arrest.

B. Excessive Force Claim

Plaintiff also appears to claim that his constitutional rights were violated because he was handcuffed by Officer Ku for one hour and fifteen minutes following his arrest. Although Plaintiff

analogizes being handcuffed to a form of torture, he has not offered evidence of any resulting injury from being handcuffed, nor has he claimed that he told any officers that the handcuffs were too tight or were causing him any injury. An excessive force claim generally will not arise under these circumstances. See, e.g., Gonzalez v. City of New York, 2000 WL 516682 at * 4 (E.D.N.Y. Mar. 7, 2000) (noting that "if the application of handcuffs was merely uncomfortable or caused pain, that is generally insufficient to constitute excessive force"). Sergeant Fred Jordan has offered a declaration indicating that he does not recall any injury to Mr. Cline or that Mr. Cline complained of any injury, and Plaintiff has not offered evidence to dispute those points. As a result, Plaintiff has not raised a triable issue of fact for an excessive force claim against Officer Ku.

**Conclusion**

Plaintiff's claims against City Councilman Nick Licata are barred by the doctrine of legislative immunity. His claims against City Attorney Thomas Carr and Assistant City Attorney Kevin Kilpatrick are barred by the doctrine of prosecutorial immunity. His claims against Seattle Municipal Court Judge Pro Tem David Zuckerman are barred by the doctrine of judicial immunity. His claims against Police Chief Gil Kerlikowske and the City of Seattle must be dismissed because there is no evidence that a police department or city policy caused a deprivation of Plaintiff's civil rights, nor has Plaintiff raised a triable issue on whether any police or city employees violated his constitutional rights. Plaintiff has also not provided sufficient allegations or evidence to support a claim that Sergeant Maryann Parker violated his rights under the constitution or state law. Finally, Plaintiff's claims against Officers Ku and Hendrickson are subject to dismissal because he cannot demonstrate a lack of probable cause for his arrest, nor has he offered evidence to support a claim of excessive force against Officer Ku.

//

//

//

Therefore, the Court GRANTS the City Defendants' motion for summary judgment. The Clerk is directed to enter judgment in favor of Defendants and against Plaintiff. The Clerk is also directed to send copies of this order to Plaintiff and to counsel for Defendants.

Dated: September 7, 2007

s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge